UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


| | | |
|---|---|---|
| MINGDE HONG, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | 18-10440-DPW |
| | ) | |
| v. | ) | |
| | ) | |
| NORTHLAND INSURANCE COMPANY, | ) | . |
| | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER
May 30, 2018

This is a case alleging unfair settlement practices brought against an insurer under Mass. Gen. Laws ch. 93A, § 9 asserting unfair and deceptive practices in the business of insurance under Mass. Gen. Laws ch. 176D, § 3(9). The Complaint alleges that shortly before a trial in which it received an adverse verdict, the insurer withdrew its (unduly modest) outstanding settlement offer altogether. The instant case was filed in Massachusetts Superior Court on November 26, 2017 before being removed to this court. The alleged settlement misconduct was completed on September 24, 2013 when the final offer was rescinded. No further settlement activity is alleged. The verdict adverse to the insurer was rendered November 26, 2013. The applicable statute of limitations for filing a lawsuit based on unfair settlement practices by an insurer, Mass. Gen. Laws ch. 260, § 5A, is four years. If the limitations period begins no later than the date of the last alleged settlement misconduct, the statute of

limitations bars the plaintiff's claim. I conclude that it did and will grant the defendant insurer's motion to dismiss this case.

Accrual of a claim under Chapter 93A of Massachusetts General Laws "typically occurs at the time injury results from the assertedly unfair or deceptive acts." *Cambridge Plating Co.* v. *Napco, Inc.*, 991 F.2d 21, 25 (1st Cir. 1993). The Massachusetts Appeals Court has held that a claim accrues "when the plaintiff knew or should have known of appreciable harm" caused by the alleged conduct. *Int'l Mobiles Corp.* v. *Corroon & Black/Fairfield & Ellis, Inc.*, 560 N.E.2d 122, 125-26 (Mass. App. Ct. 1990). The rule in *International Mobiles* has not been modified in the last quarter century since it was enunciated. This is a settled matter of state law reflected in more recent brevis decisions applying it. *See, e.g., D.A.C.* v. *Eastguard Ins. Co.*, 888 N.E.2d 386 (Mass. App. Ct. 2008) (unpublished); *Santiago* v. *The Premier Ins. Co.*, 2017 Mass. App. Div. 134 (2017).

In an effort to create a silk purse from otherwise unpromising material in which to carry his argument, the plaintiff in a belated post-hearing submission, contends that *International Mobiles* actually supports his position. This argument *is* misplaced. To be sure, the court's reasoning of *International Mobiles* focused on when International Mobiles could allege damages it suffered as a result of the defendant insurance broker's negligence. 560 N.E.2d at 125. The court noted that in 1981, International Mobiles "could not have maintained a cause of action against [the defendant insurance broker] because it could allege no damage." *Id.* Rather, the court continued, "[a]lthough Mobiles had

reason to think that [the defendant insurance broker] had bungled when [the excess coverage fleet policy provider] responded in 1981 that its policy did not cover vehicles in Rhode Island, Mobiles incurred no expense nor . . . suffered any discernible detriment as a result of [the defendant insurance broker's] negligence." *Id.* Moreover, "[t]he expense of Mobiles' defense . . . was borne entirely by [its primary liability insurer]." *Id.* In these circumstances, "[t]he date of accrual for Mobiles' c. 93A action . . . [was] the date of settlement in June, 1986," *id.* at 126, because that was the date that the plaintiff suffered harm. *Id.* at 123. Wrenching *International Mobiles* out of context, the plaintiff suggests the date the settlement that started the running of the statute of limitations in *International Mobiles* is for conceptual purposes the same as the date of entry of judgment in the underlying tort action here. However, the plaintiff fails to recognize that the injury or harm alleged here was appreciable no later than when the defendant insurer rescinded its settlement offer altogether.

The injury alleged here is the failure to offer a reasonable settlement under the circumstances. This was fully known as of September 24, 2013 when the defendant insurer rescinded its $4,000 offer. This was an offer, it bears noting, that itself was some $10,000 less than the plaintiff's claimed medical bills as of that date. The plaintiff prevailed at trial two months later and obtained a verdict resulting in a judgment of $59,713.60. It is not alleged that the resulting judgment was unpaid, but rather that the improvident

3

settlement conduct by the insurer before the verdict upon which that judgment was based was the injury or harm.

The plaintiff's earlier effort in his prehearing submissions to rely upon *Kerlinsky* v. *Fidelity & Deposit Co. of Maryland*, 690 F. Supp. 1112 (D. Mass. 1987), as support for his belated filing of this lawsuit, illustrates the difference between crystallization of money damages[1] and accrual of a ch. 93A, § 9/ch. 176D, § 3(9) claim as a result of appreciable harm or injury from settlement conduct. *Kerlinsky* offers plaintiff no support. Rather, it explains why the plaintiff here cannot avoid the statute of limitations bar to his case. In *Kerlinsky*, an unfair settlement practices lawsuit was dismissed when filed more than four years after the verdict was rendered, giving rise to an unexecuted judgment. In the course of explaining why dismissal was appropriate, my current colleague Judge Ponsor — then sitting as a Magistrate Judge providing a report and recommendation adopted by Judge Freedman — observed that any "duty reasonably to 'settle' the underlying . . . claim [could only have been triggered] prior to a verdict being returned for plaintiff." *Id.* at 1117-18. So too here. Any actionable injury or harm for unfair settlement practices here was appreciable some two months before the verdict was rendered for the plaintiff. This was the point at which the statute of limitations

---

[1] It bears noting that following the July 1979 amendment of Chapter 93A, consumers proceeding under ch. 176D, § 3(9) were not obligated to demonstrate that they suffered a loss of money or property. Rather, it is sufficient for such a claimant to show a violation of § 3(9).

4

accrued and that accrual was more than four years prior to the filing of this case. Accordingly, this case must be dismissed.

I hereby GRANT defendant's [Dkt. No 6] motion to dismiss and direct the Clerk to terminate this case.

                                         ***/s/ Douglas P. Woodlock*** 
                                         DOUGLAS P. WOODLOCK
                                         UNITED STATES DISTRICT JUDGE